IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO HORSEMEN'S ASSOCIATION,

    Petitioner,

v.                                               Case No. 1:24-cv-00235-MLG-DLM

SUNRAY GAMING OF NEW MEXICO, LLC,
d/b/a SUNRAY PARK & CASINO,

    Respondent.

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

Petitioner New Mexico Horsemen's Association ("NMHA") is a "not for profit, benevolent association involved with horse racing in New Mexico." Doc. 2 at 2 ¶ 4. It is comprised of New Mexican racehorse owners, breeders, caretakers, trainers, and racers. *Id*. The NMHA requests an injunction (1) barring Sunray Gaming of New Mexico, LLC, d/b/a Sunray Park & Casino ("Sunray")[1] from simulcasting[2] a series of upcoming horse races ("the Sunray Park Stakes") without a written agreement with the NMHA and (2) undoing Sunray's decision to temporarily exclude some of its members from Sunray's facilities.[3] Doc. 1 at 4, 7. In the NMHA's

---

[1] Sunray is a racetrack and casino located in Farmington, New Mexico. Doc. 7-1 at 1.

[2] This is the language the NMHA uses in its briefing, but it is not quite accurate. Simulcasting is defined as "the live audio and visual transmission of a contest to another location for pari-mutuel wagering purposes." N.M.A.C. § 15.2.1.6(S)(3). The NMHA seeks to prevent Sunray from engaging in interstate off-track wagering for the 2024 Sunray Park Stakes. The Court uses the term "interstate off-track wagering"—the language employed by the Interstate Horseracing Act ("IHA"), 15 U.S.C. § 3001 et seq. (2000)—for clarity. *See* Doc. 15 at 68:11-69:3.

[3] Ten NMHA members have been barred from entering Sunray for a period of ninety days beginning March 15, 2024. Doc. 15 at 105:18-23. That prohibition extends to listed horses those members "own or have owned." Doc. 14-1 at 27-32.

1

view, those actions are contrary to the IHA and pertinent New Mexico administrative provisions. After carefully considering the parties' filings and having held an evidentiary hearing on the matter, the Court concludes that NMHA's motion for a TRO or preliminary injunction (Doc. 1) is legally unfounded. Accordingly, for the reasons explained in detail below, the Court denies the NMHA's motion.

## DISCUSSION

I. **Applicable legal principles governing requests for a temporary restraining order or preliminary injunction[4]**

"A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *Springer v. Seventh Judicial Dist. Court*, No. 1:23-cv-0499-MIS-JMR, 2024 U.S. Dist. LEXIS 647, at *12 (D.N.M. Jan. 2, 2024) (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)). "As such, it may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Id.* at *12 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018) ("Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal."). To obtain a preliminary injunction, the moving party

> must establish the following factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.

*Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). The movant's failure to prove up any of these factors is dispositive and requires denial of a motion

---

[4] Where a plaintiff requests both a TRO and a preliminary injunction and there has been notice to the adverse party, the Court may rule on the matter as a preliminary injunction. *See Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1170 n.1 (D.N.M. 2021).

seeking injunctive relief. *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) ("[A] plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted.") (citing *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888-89 (10th Cir. 2013) (unpublished) ("A party seeking a preliminary injunction must prove that all four of the equitable factors weigh in its favor." (emphasis removed))).

## II. Interstate off-track wagering at the Sunray Park Stakes

The IHA requires Sunray, as the host racing association, to obtain consent from the relevant horsemen's group before allowing any out-of-state tracks to accept interstate off-track wagers on Sunray's races.[5] *See* 15 U.S.C. § 3004(a)(1)(A). The NMHA asserts that because there is no written agreement between it and Sunray, no wagers from states outside of New Mexico may be accepted for races occurring at the Sunray Park Stakes.[6] Doc. 1 at 6-7. If Sunray were acting as the host racing association for purposes of interstate off-track wagering, the NMHA's argument might have legs. However, Sunray affirms that it will not simulcast the 2024 Sunray Park Stakes to any state outside of New Mexico. Doc. 7 at 2; Doc. 7-1 at 2. That is, it will not allow its races to be broadcast to other states for off-track wagering. Accordingly, that specific matter is moot.

Despite consensus on that core issue, the NMHA raised an ancillary concern during the evidentiary hearing—albeit one that was not expressly discussed in its motion for injunctive relief. The NMHA worries that the Sunray Park Stakes' attendees may be permitted to bet on races

---

[5] An interstate off-track wager is defined as "a legal wager placed or accepted in one State with respect to the outcome of a horserace taking place in another State[.]" 15 U.S.C. § 3002(3).

[6] The IHA requires Sunray (or any other host racing association) to obtain approval from relevant "horsemen's group." *See* 15 U.S.C. § 3004(a)(1)(A). The relevant horsemen's group is that "which represents the majority of owners and trainer racing [at Sunray]" for races on which off-track wagering will be had. § 3004(12). The parties dispute whether the NMHA meets this definition and how it is to be applied going forward. That question, however, is not material to the instant dispute and is a matter for another day.

occurring in other states (e.g., Churchill Downs), actions that it calls the "importation" of signals.[7] Doc. 15 at 17:1-12, 17:16-23. It asserts that an injunction should issue prohibiting Sunray from such conduct. *Id.* at 16:2-11. But the NMHA has identified no provision of the IHA or state law requiring an off-track betting office to obtain consent from the relevant horsemen's group; the IHA refers only to agreements between the horsemen's group and the *host* racing association. § 3004(a)(1)(A). There is simply no statutory provision that supports the NMHA's position. Without some legal basis to justify the relief sought, the NHMA is unlikely to prevail on the merits in this matter. *See Harmon v. City of Norman, Okla.*, 981 F.3d 1141, 1146 (10th Cir. 2020) (holding that a movant must make a "prima facie case showing a reasonable probability that [it] will ultimately be entitled to the relief sought") (citation omitted).

The NMHA has similarly failed to explain the harm it will suffer through Sunray's importation of signals.[8] It makes some mention of general economic loss and reputational damage,[9] *see* Doc. 1 at 3-4; Doc. 15 at 14:24-15:9, 15:12-15, 30:19-25, but these claims are vague and lack support in the record. *See Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (holding that a "speculative or theoretical injury will not suffice" for purposes of demonstrating

---

[7] The Court adopts the NMHA's nomenclature for purposes of this Memorandum Opinion and Order. However, to be precise, the NMHA's concern appears to be that Sunray may act as an "off-track betting office" for races occurring within an "off-track State" during the same timeframe that the Sunray Park Stakes will be held. *See* § 3002 (providing IHA definitions).

[8] As the movant, the NMHA bears the burden of proof. *See Awad v. Ziriax*, 670 F.3d 1111, 1129 (10th Cir. 2012).

[9] Even if the NMHA had demonstrated a loss of standing or other reputational injury, it remains an open question whether that would suffice for purpose of establishing an irreparable injury. *See Hunter v. Hirsig*, 614 F. App'x 960, 963 (10th Cir. 2015) ("[A]ny loss of prestige, standing, or reputation that [the plaintiff] may have suffered prior to filing this action can be remedied through money damages and does not justify a preliminary injunction.") (internal brackets and citation omitted).

irreparable injury). More is required of the NMHA to justify its request for injunctive relief; it must "demonstrate[] a significant risk that [it] will experience harm that cannot be compensated after the fact by monetary damages." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (emphasis removed). The Court finds that the NMHA has not met this burden and has therefore failed to demonstrate an irreparable injury for purposes of a preliminary injunction.

Because the NMHA has not made the threshold showing that it is likely to succeed or that it is likely to suffer an irreparable injury if an injunction is not granted, an injunction is not warranted.[10] *See N.M. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1255-56 (10th Cir. 2017) (holding that "[a] failure to establish irreparable harm is by itself a sufficient ground upon which to deny a preliminary injunction") (quoting *Faulkner v. Jones*, 10 F.3d 226, 235 (4th Cir. 1993)). The Court therefore denies the NMHA's motion to the extent it seeks to prohibit Sunray from "simulcast[ing]" at the Sunray Park Stakes. *See* Doc. 1 at 7.

### III. The temporary exclusion of certain NMHA Board Members from Sunray Premises

As Sunray pointed out in its briefing and at the hearing, New Mexico statutory law grants a racetrack licensee the power to exclude a person from the association's grounds for any lawful reason. NMSA 1978, § 60-1A-28.1(B) (2014); Doc. 7 at 17. While Sunray's conduct may not be an exemplar of civility, thus far, the Court has not been given any reason to deem the exclusion of certain NMHA members unlawful. For that reason, the NMHA's argument (both in briefing and during oral argument) falls short of demonstrating that it is likely to prevail on the merits of this claim. And because that inquiry is the "first and most important preliminary-injunction factor," the

---

[10] The Court need not address the remaining elements necessary for injunctive relief. *Big O Tires, LLC v. Felix Bros., Inc.*, 724 F. Supp. 2d 1107, 1121 (D. Colo. 2010) (declining "to address the remaining preliminary injunction elements, as the resolution of them will have no bearing on the outcome").

Court concludes the NMHA's request for injunctive relief should be denied. *See Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1229 (10th Cir. 2018).

However, even if this claim were viable, the NMHA has not satisfied the other elements necessary to sustain its request for injunctive relief. The NMHA cannot demonstrate irreparable harm because any economic harm that comes from the NMHA board members' inability to participate in upcoming races is compensable with money damages.[11] *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Further, the balance of equities weighs against an injunction because "the threatened injury to the movant" does not outweigh "the injury to the other party," *id.* at 1190—the NMHA has not demonstrated an injury, and Sunray would be injured if the Court abrogated its statutory right to exclude patrons for any lawful reason. Finally, the Court finds that preventing a racetrack from excluding patrons as it sees fit (within the confines of the law) contributes to the orderly operation of public events, and therefore, that granting the preliminary injunction would be adverse to the public interest.

In sum, the Court denies the application for preliminary injunction with respect to this issue.

## CONCLUSION

For the reasons stated above, the Court denies the Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 1). It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[11] It is unclear whether the NMHA raises reputational and business harms with regard to the issue of its board members being excluded from Sunray's premises. *See* Doc. 1 at 4. If the NMHA does claim that exclusion causes those harms, it has not adequately explained why or how, and the Court finds that it has failed to carry its burden to demonstrate those harms.