**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO HORSEMEN'S ASSOCIATION

Petitioner/Counter-Defendant/Defendant in Intervention,

v.

SUNRAY GAMING OF NEW MEXICO, L.L.C.,
d//b/a SUNRAY PARK & CASINO,

Respondent/Counterclaimant/Third-Party Plaintiff,

and No. 1:24-cv-00235-MLG/DLM

DOWNS AT ALBUQUERQUE, INC., d/b/a
THE DOWNS RACETRACK & CASINO, and
ALL-AMERICAN RUIDOSO DOWNS, LLC, d/b/a
RUIDOSO DOWNS RACETRACK AND CASINO,

Plaintiffs in Intervention/Third-Party Plaintiffs,

v.

DR. PAUL JENSON, DVM, and
SEAN ALFORTISH,

Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**
**<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

The question presented in the New Mexico Horsemen's Association and Third-Party Defendants Dr. Paul Jenson and Sean Alfortish's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 97, is straightforward: does the Court possess subject matter jurisdiction over this case? It does. Because Count I of the Complaint in Intervention and Third-Party Complaint ("Racetracks' Complaint") remains pending and presents a federal question concerning the parties'

rights under the Interstate Horseracing Act ("IHA"), 15 U.S.C. §§ 3001-3007, the Court retains subject matter jurisdiction, and the Motion to Dismiss must be denied.

**DISCUSSION**

This case arises from a dispute between the New Mexico Horsemen's Association ("NMHA"), two members of that organization, Jenson and Alfortish (referred to collectively with the NMHA as the "NMHA Parties"), and several New Mexico horseracing racetracks (collectively, "Racetracks").[1] The parties have brought claims, counterclaims, and third-party claims, many of which have already been decided. Relevant here, the NMHA's claims under the IHA as well as the Racetracks' federal antitrust claims were previously dismissed by the Court. Docs. 92, 93. So, the issues have been pared down significantly.

The sole remaining federal claim is set out in Count I of the Racetracks' Complaint. Doc. 23 at 9-10. There, they seek relief pursuant to the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and request a declaration that NMHA is not the exclusive horsemen's group in New Mexico under the IHA. Doc. 23 at 9-10. Although the DJA does not itself confer subject matter jurisdiction, Count I presents a federal question which gives rise to subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) ("A case arises under federal law under two circumstances: a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (citation modified)). *See also*, *New Eng. Horsemen's Benevolent & Protective Ass'n v. Mass. Thoroughbred Horsemen's Ass'n*, 210 F. Supp. 3d 270, 274-75 (D. Mass. 2016).

---

[1] A detailed procedural history is provided in other opinions. *See* Docs. 17, 93, 94. Accordingly, only those facts relevant to this Opinion will be included herein.

The Court previously (and necessarily) addressed the principal statutory question at issue. In granting the Racetracks' motion to dismiss, and after considering the relevant statutory text and pertinent decisional authority, the Court concluded:

> [I]t does not matter which group represents horsemen at the state level. The salient inquiry is which group represents the majority of owners and trainers at a track on a race day. So, § 3002(12)'s definition is not exclusive, and instead depends on day-to-day circumstances at specific racetracks.

Doc. 92 at 6 (citation omitted). That opinion resolved the NMHA Parties' suit, but it did not dispose of Count I of the Racetracks' Complaint or grant the declaratory relief requested therein. *See id.*; *see also* Doc. 23 at 9-10. Nor did the NMHA Parties themselves expressly seek a declaration resolving whether NMHA was the exclusive horsemen's group for purposes of the IHA. Rather, their request for declaratory relief sought a judgment requiring the Racetracks to obtain a written agreement with the NMHA before consenting to interstate off-track wagering. Doc. 67 at 20.

Thus, although the Court necessarily addressed NMHA's status under the IHA in resolving the Racetracks' motion to dismiss, that is not the same as formally adjudicating the Racetracks' distinct claim for declaratory relief. That cause of action remains pending. And because Count I presents a live federal claim, the Court retains subject matter jurisdiction.[2] Of course, the parties may seek final disposition of Count I, whether by stipulation, motion, or any other lawful procedure.[3] Once that claim has been resolved, dismissal of this matter would likely be

[2] This live controversy is referenced in NMHA's briefing as it notes the Court has not yet entered a final judgment and it "reserves its right to appeal a final judgment on the declaratory relief claims" once entered. Doc. 99 at 2 n.2.

[3] The NMHA asserts that it previously requested that the Court enter a final judgment on the Racetracks' claim for declaratory relief. *See* Doc. 99 at 2 n.1. NMHA only asked that the Court grant its Motion to Dismiss and enter a final judgment pursuant to Federal Rule of Civil Procedure 58(d). Doc. 97 at 9. Additionally, Rule 58(d) states that a party may request that judgment "be set out in a separate document as required by Rule 58(a)." Rule 58(d) does not address whether a party

appropriate. *See Horocofsky v. City of Lawrence*, --- F.4th ----, 2026 U.S. App. LEXIS 22016, at *34 (10th Cir. July 24, 2026) (noting that "[t]he Supreme Court has encouraged the practice of dismissing state claims or if the case had been removed from state court remanding them to state court when the federal claims to which they are supplemental have dropped out before trial" (citation modified)). At present, however, Count I presents a live federal question. The Court therefore retains subject matter jurisdiction and dismissal is not warranted.

**CONCLUSION**

For these reasons, the Court denies the NMHA Parties' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 97.

It is so ordered.[4]

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

may ask for final judgment absent stipulation from the opposing party or a ruling from the Court on the claim itself.

[4] Whether there are jurisdictional questions attendant to the IHA itself are not addressed in this opinion as neither the NMHA Parties nor the Racetracks have addressed such issues.